[Nicholson v. The State.]

# Nicholson  *v.* The State.

*Abusive, Insulting of Obscene Language.*

(Decided Feb. 7th, 1907.  42 So. Rep. 1015.)

1. *Criminal Law; Trial; Order of Proof.*—It is within the discretion of the trial court to permit the state to examine a witness on the main case after the defense had closed its case, and not reviewable.

2. *Same; Misconduct of Counsel; Argument to Jury.*—Where the defendant's counsel in argument to the jury said to them that they might consider the fact that the woman was accustomed to use such language, herself and that she boarded women of notoriously bad character for two or three weeks, it was not error to permit the solicitor to argue and state to the jury, "that if the woman was the vile bad woman, which the defendant says she is, why then did they not bring witnesses here to prove it.   If she was a bad character don't you know that they would have brought witnesses here to prove it."

APPEAL from Gadsden City Court.

Heard before Hon. J. H. DISQUE.

The defendant was indicted, tried, and convicted of using abusive, insulting, or obscene language in the presence of a woman.   After the state had made out its main case, and had rested, and after the defendant had introduced its case, the state called one John Smallwood, as a witness, and he was permitted, over the objection of the defendant, to testify to facts cumulative of the main case, and not in rebutal to evidence introduced by the defendant.   In making his argument to the jury, counsel for defendant argued that the jury might look to the fact, if it be a fact, that Mrs. Busbee was accustomed to using offensive language such as is complained of in this case to the defendant, in determining what the punishment of the defendant should be in the event they should find him guilty; that the law said the fact that a woman used profane language, and was accustomed to use such language, to the defendant, was a circumstance

the jury might look to in mitigation of the offense, and also that the fact that Mrs. Busbee boarded, for two or three weeks, women of notoriously bad character, was a fact that the jury might look to in weighing her evidence and in determining the character of Mrs. Busbee. In his closing argument, the solicitor said to the jury: "If Mrs. Busbee is a vile, bad woman ,which the defendant says she is, why, then, did not the defendant bring witnesses here from Alabama City to prove her bad character? She has been living out there for several years, and is well known by the people of Alabama City. Ah, gentlemen, if she was the bad character, don't you know they would have brought witnesses here to prove it?" The defendant objected to these statements of the solicitor, whereupon the court asked defendant's attorney to point out the remark of the solicitor to which he objected, and he pointed out the above. The court replied, in the hearing of the jury: "I think the argument legitimate. Go on."

BOYKIN & BRINDLEY, for appellant.—The court erred in permitting the solicitor to make use of the argument indulged in in his closing remarks.—*Dunmore v. The State,* 115 Ala. 69; *Griffin v. The State,* 90 Ala. 596; *McAdory v. The State,* 62 Ala. 154; *Coppin v. The State,* 123 Ala. 58; *Brock v. The State,* 123 Ala. 24. On the same authority the remarks of the court in overruling defendants objection to this argument was error. The court erred in permitting the state to introduce Smallwood.

ALEXANDER M. GARBER, Attorney General, for State. —It was discretionary with the court to permit the witness Smallwood to testify and not reviewable.—*Braham v. The State,* 143 Ala. 38; *Riley v. The State,* 88 Ala. 193; 8 Ency. of P. & P. 132. The remarks of the solicitor and the court's reply to the objection were not improper.—*Golson v. The State,* 86 Ala. 601; *Byers v. The State,* 105 Ala. 31.

ANDERSON, J.—The action of the trial court in permitting the state to examine the witness Smallwood, af-

[Jones v. The State.]

ter the defendant had closed his evidence, was discretionary, notwithstanding the evidence was not in rebuttal, and should more properly have been brought out before the state rested.—*Braham v. State,* 143 Ala. 28, 38 South. 919; *Riley v. State,* 88 Ala. 193, 7 South. 149; 8 Ency. Pl. & Pr. 132.

So much of the argument of the solicitor as was objected to was legitimate as a reply to the argument of counsel for the defendant, and the trial court committed no error in refusing to exclude the same.—*Bardin v. State,* 143 Ala. 74, 38 South. 833.

The judgment of the city court is affirmed.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.