21 So.2d 702

### SCOTT v. STATE.
### 7 Div. 810.

Court of Appeals of Alabama.
Feb. 13, 1945.

Rehearing Stricken March 13, 1945.

John D. Bibb, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

This prosecution originated in the County Court of Calhoun County, upon an affidavit and warrant of one E. B. Bell, wherein the defendant was charged with the offense of violating the State prohibition law. From a judgment of conviction in the county court an appeal was taken to the circuit court and a trial by jury was demanded and granted.

In the circuit court the defendant was tried upon a complaint filed by the solicitor charged with the identical offense as in the county court. In the circuit court he was again convicted and duly sentenced to hard labor for the county. From the judgment and sentence in the circuit court this appeal was taken.

On the trial there was positive and direct testimony of two witnesses who were investigators or "under cover men," of the Alabama Beverage Control Board, viz: witnesses W. D. Windham and W. H. Lee, that on the night in question they bought a pint of whiskey from this appellant at his home and paid him $7.50 for it. The bottle of whiskey was introduced in evidence. Defendant and his wife testified to the contrary, and defendant stated he had never seen either of the above State witnesses in his life. This conflict in the testimony was for the jury to consider and determine and was the sole question to be decided in this case. State witness Lee was permitted to testify in rebuttal, and this over the objection and exception of defendant, and upon this ruling of the court, defendant's earnest counsel appears to lay great stress. There is no semblance of merit in this insistence. The action of the trial court in permitting the State to examine Lee, after the defendant had closed his evidence, was discretionary, notwithstanding the evidence was not in rebuttal,

and should more properly have been brought out before the State rested. Nicholson v. State, 149 Ala. 61, 42 So. 1015.

As stated, this case presents a question of fact only. The exceptions reserved to the rulings of the court pending the trial are without semblance of merit. Also there was no error in the action of the court in overruling and denying the motion for a new trial.

This case needs no further discussion. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.