204 So.2d 836

**Troy Lewis BREEDLOVE**

**v.**

**STATE.**

**7 Div. 890.**

Court of Appeals of Alabama.

Dec. 5, 1967.

Jas. D. Pruett, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Carl E. Watson, Sp. Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The Circuit Court of Etowah County, Alabama, found appellant guilty of the offense of bringing stolen goods into the State of Alabama and sentenced him to three years in the State penitentiary. From said judgment, this appeal is made.

Mrs. Arnold Kirby, testifying for the State, said that her husband owned a 1960 red and white four-door Ford automobile which she drove to work at 8:00 A.M. on January 11, 1967, in Calhoun, Georgia; that when she went into the parking lot at 5:00 P.M. to drive the automobile home, it was gone; and that the next time she saw the automobile was in Gadsden, Alabama, at Rogers' Wrecking Co. at which time she identified it as belonging to her husband and drove it back to Georgia.

Officer Robert Cox, an Alabama State Trooper, testified that he saw appellant in January of 1967 when he (the witness) was called to the scene of an accident; that appellant was sitting in the wrecked car; and that one Coleman Pennington was also at the scene of the accident. Officer Cox identified appellant as the same man he found sitting in the wrecked car and subsequently arrested for "highway intoxication."

On cross-examination, Officer Cox stated that he found during his investigation that both Pennington and appellant were "severely intoxicated"; that appellant was not able to move "under his own power" at that time; that when he (Cox) talked to appellant the next day, appellant was sober; and that Lt. James Davis, a State Investigator, was also present and "advised appellant of his constitutional rights" before he talked to him. Cox also stated that when he left the scene of the accident, Pennington told him that he was an "escaped convict."

Lt. Davis testified that he talked with appellant in the Etowah County jail on January 14, 1967, at which time Trooper Cox and Pennington were present and that he informed appellant as follows:

"He had a right to remain silent, that anything he said could and would be used against him in a court of law and that he had a right to an attorney before making a statement, that attorney may be present any time that he is talked to and if he could not afford an attorney, one would be appointed him before an attempt would be made to interview him."

Lt. Davis further stated that there was no written statement signed by appellant and that he (Davis) used notes which he made at that time to refresh his memory. Davis testified that appellant asked Pennington if "he wanted to tell us about the car and Pennington told him 'just as well'" and that appellant told him that he and Pennington had stolen the car in Georgia and had stolen an Alabama license tag for the car in Blount County, Alabama; that Pennington told him that he and appellant discovered the automobile had the keys in it and they did not break into the car, that they took the tag from a car "parked aside a garage in Blount County", that they had brought the car from Calhoun, Georgia, into Alabama, and that he (Pennington) and appellant had left Camp Ft. Payne Sunday night, January 8, 1967.

On cross-examination, Davis testified that he had spoken to Pennington first and that Pennington had said to "get Breedlove in here before he (Pennington) would answer anything"; and that appellant was warned of his constitutional rights in Pennington's presence.

Appellant testified in his own behalf and stated that he did not remember being advised of his rights by Lt. Davis; that he thought Lt. Davis was the Sheriff of Etowah County; that he was not advised of his right to counsel or told that he could remain silent; nor advised of the charges against him.

Trooper Cox testified on rebuttal that a card was read to appellant, which card "covered the constitutional rights of defendant (appellant)", and that upon being asked if he understood what had been read to him, appellant replied, "Yes".

Trooper Cox, Lt. Davis and appellant all testified to the foregoing evidence out of the presence of the jury. Upon the return of the jury, Trooper Cox and Lt. Davis repeated their testimony. At the close of Lt. Davis' testimony the State rested. Appellant's counsel asked for a "brief recess" and the court recessed until the next day because of the late hour. The following morning the court stated the following:

"Let the record show that the Court is permitting the State to reopen for the purpose of additional testimony to which the defendant objects and the objection is overruled and defendant excepts, is that right?

"MR. PRUITT: Yes, sir, Your Honor."

The State then questioned Mr. Arnold Kirby, owner of the vehicle in question, who identified the bill of sale of his car, which bill of sale was then introduced into evidence as State's Exhibit No. 2, corroborating the serial number of the car in which appellant and Pennington were found as Mr. Kirby's car. Mr. Kirby also testified that he valued the car at $500.00. Both sides then rested.

Appellant places three assignments of error before this court:

1. That it was error to refuse to give the following written charge of appellant: "Gentlemen of the jury, if any of you has a reasonable doubt of the defendant's guilt, he cannot vote to find the defendant guilty."

2. That it was error to permit the State to "reopen its case after the State had rested and the defendant had rested and over the objections of the defendant."

3. That it was error to receive into evidence "testimony of police officers relative to statements made to them by the defendant."

■ Appellant's objection to the courts permitting the State to reopen the case has no merit. The defense had not rested when the recess was granted by the court but had only asked for a "brief recess". The court stated, upon allowing the State to reopen its case, that "the court is permitting the State to reopen", thus using its (the court's) discretion in the matter. In the case of Miller v. State, 39 Ala.App. 584, 105 So.2d 711, cert. den. 268 Ala. 692, 105 So.2d 714, this court stated as follows:

"Reopening the State's case after it has rested is a matter within the trial judge's discretion, Savage v. State, 8 Ala. App. 334, 62 So. 999; Boice v. State, 10 Ala.App. 100, 65 So. 83."

The courts of this State have further held that the court may, in its discretion, allow a case to be reopened by the State *after* defendant had rested. Williams v. State, 26 Ala.App. 531, 163 So. 663, cert. den. 231 Ala. 127, 163 So. 667; Nicholson v. State, 149 Ala. 61, 42 So. 1015; Payne v. State, 261 Ala. 397, 74 So.2d 630.

Therefore, the court allowed the State to reopen its case without committing error.

■ Appellant objected to the testimony of officers as to statements made by appellant in their presence, however, the State's evidence tends to show that all of the necessary constitutional rights of appellant were explained to him as provided by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that appellant's rights were safeguarded during this interrogation. Although it appears that appellant did not request an attorney, the evidence tends to show that he was advised of his right to have an attorney present, and provided by the State if he were indigent, but he declined to request

counsel, thus "voluntarily, knowingly and intelligently" waiving that right. Miranda v. Arizona, supra.

 Appellant contends that the court committed error in refusing one of his requested written charges. This charge was not hypothesized upon a consideration by the jury of all the evidence of the case, and the charge is, therefore, erroneous as an instruction to the jury.

The judgment in this cause is due to be and the same is hereby

Affirmed.