216 So.2d 741

**George WILSON**

v.

**STATE.**

3 Div. 354.

Court of Appeals of Alabama.

Nov. 5, 1968.

On Rehearing Dec. 17, 1968.

Curtis H. Springer, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

At the February, 1968, Term of the Grand Jury of Montgomery County, Alabama, the appellant was indicted for the offense of robbery. After a plea of not guilty, he was tried by a jury, found guilty as charged, and sentenced by the court to a term of ten years in the penitentiary. His motion for a new trial being denied, he now appeals.

Briefly, the testimony revealed that Mr. C. D. Wadsworth operated a service station located in Montgomery County, Alabama; that at about 9:00 P.M. on August 21, 1967, while operating his station, two boys, one of whom he later identified as appellant, came into the service station for cigarettes; and that as he turned to get the cigarettes, one of the boys put something in his back, "pliers or a pistol," and proceeded to take his wallet, knife, cigarette lighter, what money he had in his pockets, and $190.00 in "company money."

Approximately twenty-two days after the robbery, Mr. Wadsworth went to Selma with a Montgomery police officer and there identified appellant as one of the two boys who robbed him.

Detective Frizzle of the Montgomery Police Department testified that he went with Mr. Wadsworth to Selma; that while in Selma at the police station he obtained a statement from the appellant; that prior to appellant's making a statement he was informed that he did not have to make a statement, that any statement he made could be used against him in a court of law, that if he could not afford a lawyer the court would appoint one for him; and that no coercion, threats, inducements, promises or hope of reward was made by the witness, nor by anyone in his presence.

Appellant contends in brief that a signed confession admitted into evidence at the trial was illegally obtained in that it was made through coercion and force while appellant was without benefit of counsel. He further submits that he did not waive his right to counsel during the interrogation at which he allegedly confessed to the crime.

At the trial, counsel for appellant objected to the introduction into evidence of the statement and the court conducted a hearing, outside the presence of the jury to determine the voluntariness of the statement. At this hearing appellant contended that he did not waive his right to counsel. We note however that witness Frizzle testified

that the appellant signed a written waiver after having it read to him. The waiver which was admitted into evidence with the signed statement reads as follows:

"YOUR RIGHTS

Place <u>Selma Police Dept.</u>
Date <u>September 11th, 1967</u>
Time <u>7:22 PM</u>

"Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions, and to have him with you during questioning. You have this same right to the advice and presence of a lawyer, even if you cannot afford to hire one. We cannot ourselves furnish you a lawyer, but one will be appointed for you, if you wish, when you go to court. If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at any time. You also have the right to stop answering at any time until you talk to a lawyer.

"WAIVER

"I have read the statement of my rights shown above. I understand what my rights are. I am willing to answer questions and make a statement. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure of any kind has been used against me.

"Signed <u>  /s/ George Wilson</u>

"WITNESS <u>  Det. J. C. Frizzle  </u>"

---

We are of the opinion that the signed waiver created a prima facie presumption that appellent waived his right to counsel.

The trial judge being present and having heard all of the testimony given during the hearing was best able to determine the admissibility of the statement. We find no error in his determination that the statement was voluntary and conclude that it was properly admitted into evidence.

We have made a diligent study of the record and conclude that the judgment in this cause is due to be and the same is hereby

Affirmed.

CATES, Judge (concurring in the result only).

The quoted adaptation of the FBI form for waiver of *Miranda* rights should neither be approved or disapproved. Particularly would I except to the sentence: "We cannot ourselves furnish you a lawyer, but one will be appointed for you, if you wish, when you go to court."

The vagueness of the promise of the advent of a lawyer reminds me of Macbeth's lament:

"And be these juggling fiends no more believ'd.

That palter with us in a double sense;

That keep the word of promise to our ear,

And break it to our hope!"

I know of no statute which authorizes a circuit judge to appoint counsel for an

**572**

indigent prisoner before indictment, except when, under Amendment 37, the accused in a noncapital felony desires to plead guilty before indictment. Wilson was charged with robbery, a capital offense.

Nor am I aware of any power in a committing magistrate to appoint a lawyer at or before a preliminary hearing.

In this case the defendant was arrested in September, indicted February 16, arraigned February 20 and tried March 4. The record shows he was appointed counsel by the circuit court.

Under the placebo of omnia praesumnuntur rite et soleminitur esse acta, this imports that February 16 was the earliest date on which the circuit court was empowered to appoint. Code 1940, T. 15, § 318.

Under this pragmatic view the necessity under *Miranda* to advise the prisoner should require—for an intelligent waiver—that the interrogator indicate that questioning will abate until after indictment. Alternatively, if under Code 1940, T. 15, § 128 et seq., the committing magistrate is compelled by Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, to appoint counsel before indictment, then this enigmatic dilemma would go away.

I think that *Miranda* should be interpreted sensibly so as to allow parol evidence to establish the voluntary and intelligent character of a defendant's waiver of the right of counsel's advice and presence. Here Wilson confessed immediately on being identified. Mr. Frizzle's testimony amplifies the stereotyped waiver set out in Judge Johnson's opinion. Together the oral and written evidence shows waiver.

Windsor v. United States, 5 Cir., 389 F.2d 530, needs to be compared with Jennings v. United States, 5 Cir., 391 F.2d 512, 515, and Keegan v. United States, 9 Cir., 385 F.2d 260.

Hence, I concur in the judgment of affirmance.

On Rehearing

PER CURIAM:

The Supreme Court of Alabama, in Square v. State, 283 Ala. 548, 219 So.2d 377, November 14, 1968, held that the warning read to the defendant prior to interrogation was insufficient as satisfying the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The particular part of the warning which was held fatal stated in part as follows:

"* * * We have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to Court."

The Supreme Court of Alabama, in reversing the case, cited Lathers v. United States, 5 Cir., 396 F.2d 524, 525, which states in part:

"The *Miranda* warning must effectively convey to the accused that he is entitled to a government-furnished counsel here and now. If the words are subject to the construction that such counsel will be available only in the future, *Miranda* has not been obeyed. * * *"

The warning given to the defendant in the case at bar contained the following sentence:

"* * * We cannot ourselves furnish you a lawyer, but one will be appointed for you, if you wish, when you go to to court. * * *"

As the warning in the instant case contains the same fatal statement as that prohibited in *Square*, supra, the judgment in this case must be reversed and the cause remanded.

Application for rehearing granted.

Reversed and remanded.