STATE OF NORTH CAROLINA v. MARION ROBBINS

No. 6927SC65

(Filed 30 April 1969)

1. Constitutional Law § 32;   Criminal Law § 75— in-custody inter-
rogation — right to counsel

If police propose to interrogate a person, they must make known to
him that he is entitled to a lawyer and that if he cannot afford one, a
lawyer will be provided for him prior to any interrogation.

2. Constitutional Law § 32;   Criminal Law § 75— right to appointed
counsel prior to interrogation

Defendant was not effectively apprised of his right to have counsel ap-
pointed for him prior to any in-custody interrogation if he were financially
unable to employ counsel and to confer with such attorney prior to the
interrogation where the warning read to defendant by a police officer
contained a statement that "We have no way of giving you a lawyer but
one will be appointed for you if and when you go to Court," since defend-
ant may have understood the officer to mean that he was not entitled
to appointed counsel prior to trial, and a confession made by defendant
during the interrogation is inadmissible at defendant's trial.

APPEAL by defendant from *Snepp, J.,* at the 7 October 1968 Ses-
sion of GASTON Superior Court.

By indictments proper in form, the defendant was charged with
two offenses of assault with a deadly weapon with intent to kill in-
flicting serious injury not resulting in death. The cases were con-
solidated for trial. The evidence tended to show the following: Offi-
cer Holmesly of the Gaston County Rural Police received informa-
tion as to the whereabouts of the defendant on 31 August 1968,
shortly after the occurrences from which these indictments grew. He
proceeded into South Carolina and was accompanied by officers of
that state to a place where the defendant was found and put under
arrest. Officer Holmesly read to the defendant from a paper as fol-
lows:

"Before we ask you any questions, you must understand your
rights. You have the right to remain silent. Anything you say
can be used against you in Court. You have the right to talk to
a lawyer for advice before we ask you any questions and to
have him with you during questioning. You have this right to
the advice and presence of a lawyer even if you cannot afford
to hire one. *We have no way of giving you a lawyer but one
will be appointed for you if you wish if and when you go to
Court.* If you wish to answer questions now without a lawyer
present, you have the right to stop answering questions at any

time. You also have the right to stop answering at any time until you talk to a lawyer." (Emphasis added.)

After the foregoing was read to the defendant, he signed some type of waiver but the record does not disclose its contents. The defendant then signed a waiver of extradition and took the officers to the Pete Phillips house in South Carolina and located a pistol which belonged to the defendant and which was allegedly used in the assaults. He also admitted having used the gun that morning at the residence of one of the prosecuting witnesses and gave the details of the occurrences as he recalled them.

When Officer Holmesly was put on the stand, a voir dire was held, and the court ruled that the defendant had been fully advised of his rights and that any statements made were voluntarily and understandingly made. The officer then related certain incriminating statements made by defendant.

The cases were submitted to the jury which returned a verdict of guilty of nonfelonious assault on each charge. Defendant appealed.

*Attorney General Robert Morgan and Staff Attorneys Andrew A. Vanore, Jr., and Dale Shepherd for the State.*

*Horace M. Dubose, III, for defendant appellant.*

BRITT, J.

[2]    The first question presented by this appeal is whether the defendant was properly advised of his rights prior to questioning by the officers; more particularly, did the warning given by the officers effectively apprise the defendant of the fact that if he was financially unable to employ legal counsel, he was entitled to have counsel appointed to represent him and to confer with his court-appointed counsel before any questioning took place. The answer to this question is no.

[1]    "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran,* 369 U.S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884. This statement was quoted as applicable in *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, where the court said: "* * * [I]f police propose to interrogate a person they must make known to him that he is entitled to a lawyer and that if he cannot afford

one, a lawyer will be provided for him prior to any interrogation." (16 L. Ed. 2d at 724).

[2]    A problem similar to the one in issue was before the court in *State v. Thorpe,* 274 N.C. 457, 164 S.E. 2d 171. There the Supreme Court of North Carolina found that the evidence in that case did not warrant a finding that counsel had been offered at the interrogation or that it had been understandingly waived. In the *Thorpe* case, there were no findings made with respect to counsel; here, the findings were unsupported by the evidence. Here, as in the *Thorpe* case, the defendant could easily have understood that he was not entitled to court-appointed counsel prior to the trial. Such is not the law, and the correct law must be made clear to the defendant before questioning, if any statements or evidence resulting from such questioning are to be admissible. We quote the following from the opinion by Higgins, J., in the *Thorpe* case:

> "Recent decisions of the United States Supreme Court, however, have forced us to re-examine our trial court practice with respect to counsel in cases in which constitutional rights against self-incrimination are involved. Not only is the accused entitled to representation at the trial, but under certain circumstances, he is entitled to counsel at his in-custody interrogation. If the accused is without counsel, and is indigent, counsel must be provided by the authorities, or intelligently waived. The prohibition is not against interrogation without counsel. It is against the use of the admissions as evidence against the accused at his trial." (Citation of and quotations from *Miranda v. Arizona, supra.*)

Except for minor changes in words, a warning identical to the one used in this case was read to defendant in *Wilson v. State,* 216 So. 2d 741. The Alabama Court of Appeals held the warning insufficient.

The trial court committed error in permitting the introduction of the incriminating evidence provided by defendant in South Carolina following his arrest, and the error was sufficiently prejudicial to entitle the defendant to a new trial.

We deem it unnecessary to discuss the other assignments of error brought forward and argued in defendant's brief, as the questions raised may not recur upon a retrial of this action.

New trial.

MALLARD, C.J., and PARKER, J., concur.