233 So.2d 243

Willie Lee GREEN

v.

STATE.

6 Div. 28.

Court of Criminal Appeals of Alabama.

March 24, 1970.

Jere Campbell, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

Murder second degree; sentence 15 years. Code 1940, T. 14, § 314.

## I

Friday night, November 17, 1968, there was a group of young persons downstairs at the Satellite Club in Alberta City. Green and Monroe Robertson, Jr. left the porch for the car park. Several witnesses saw Green, holding a knife and reaching over Robertson's shoulder, stab him in the back.

A physician gave his opinion that Robertson died because of this wound.

Green became a witness for himself. He said that Robertson resented Green's playfully patting Linda Coleman's posterior. Robertson accused Green of being overtly oedipal, and hit him repeatedly with his fist.

As to this encounter Green testified in part:

"A. I left from right here and as I got off the porch he snapped me around and I told him, 'Go on,' so I walked around and he snapped me again and I said, 'Go on Monroe. I don't want to fight,' and I walked again and he kept snapping me around and when he snapped me around again he had his hand in his pocket * * *. And then I told him to take his hand out of his pocket. He had his hand in his pocket and he would go up like that and down, up and down, and I was scared to walk away from him again because I knew what he would do to me.

"MR. LACKEY: We object to that and move to exclude what he knew.

"THE COURT: I exclude, 'I knew what he would do to me.'"

## II

First, error is alleged because of the trial judge's refusing the following tendered written charges:

"15. The Court charges the jury that if they are not satisfied beyond a reasonable doubt that the defendant committed the act charged in malice, they should not find him guilty of murder.

"20. The Court charges the jury that it is the law that the defendant has a right to protect himself from real or reasonably apparent felonious assault upon himself by the deceased, and, if on considering the evidence or any part of it, when considered with the whole evidence, you have a reasonable doubt as to whether defendant was justified in taking the life of deceased in defending himself from such assault, it will be your duty to acquit him.

"23. The Court charges the jury, that if the defendant cut the deceased under a bona fide belief that his life was in danger, and had under the circumstances reasonable cause to believe that he was in imminent danger at the moment and cut the deceased it would be immaterial whether there was such actual danger or not.

"26. I charge you gentlemen of the jury that the defendant as a reasonable person knowing what he knew, and seeing what he saw, had a right to act upon the appearances as they presented themselves to him as a reasonable person; and if the defendant as a reasonable person, knowing what he knew, and seeing what he saw, and at the time was free from fault in bringing on the difficulty, had a right to believe and did believe from such appearances that he was about to suffer great bodily harm at the hands of Monroe Robertson, and that if, acting alone upon that belief, he cut Monroe Robertson then I instruct you that the defendant is entitled to an acquittal at your hands."

■ Charge 15 is bad for leaving out consideration of all the evidence. Smith v. State, 230 Ala. 18, 158 So. 808 (Charge 55).

■■ As to Charge 20, see Charge 20 in Sterrett v. State, 31 Ala.App. 161, 13 So. 2d 776 and Charge B in Seekers v. State, 35

Ala.App. 40, 44 So.2d ·628(4). Charge 23 derives ·from Matthews v. State, 192 Ala. .1, 68·So. 334, wherein in like circumstances safe retreat was possible and a legal duty. Instant Charge 26 was rejected as argumentative in Lovelady v. State, 24 Ala.App. 502, 136 So. 871(12); and in Anders v. State, 35 Ala.App. 622, 51 So.2d 706.

Additionally, we consider that the oral charge obviated any need for these instructions ·20, 23 and 26.

### III

The jurors had trouble with the legal notion of malice. in murder. The transcript shows the following under the charging of the jury:

> "Malice is the doing of a wrongful act intentionally without just cause or legal excuse. Malice, in law, does not necessarily mean hate or ill will, but does mean any unlawful act willfully· done, without just cause or legal excuse. It means that state or condition of mind which prompts the doing of an unlawful act without legal justification, excuse or extenuation.
>
> \*       \*    \*       \*       \*       \*
>
> "(The jury then retired to the jury room and after deliberating for some time returned to the courtroom where the following occurred:)
>
> "THE COURT: It has been requested that I define malice to you. Malice is the doing of an unlawful act without just cause or legal excuse and malice may be presumed from the use of a deadly weapon—
>
> "MR. CAMPBELL: We object.
>
> "THE COURT: (Continuing) *if the facts do not show otherwise,* without just· cause or legal excuse. It means that state or condition of mind which prompts the doing of an unlawful act without legal justification, excuse or extenuation.
>
> "MR. CAMPBELL: May we reserve an exception to that part? It is taken out of context.

> "THE COURT: All·right.; you· have· an exception \* \* .\*" (Italics added)

There was evidence that the deceased had his hand in his hip pocket;. Green's statement introduced by the State read in· part:

> "\*    \*    \*    He pushed me back and I walked off and he come back and pushed me 2 more times. The last time he pushed me I reached in my pocket and got my knife and I reached over him and stabbed him one time in the back. He was reaching in his back pocket but I did not see him with a knife or pistol. \* · \*    \*"

In Anders v. State, 255 Ala. 319,. 51 So.2d 711, the trial judge had charged as to the presumption of malice from the· use .of a deadly weapon. There the trial court had not qualified the possibility as being rebuttable by the evidence proving 'the killing.

■ The trial judge's use of "if the facts do not show otherwise" .was sufficiently explicit as to the *rebuttable* nature of presuming malice from the use of a deadly weapon, so as to be .equivalent· to the qualifying phrase approved by Lawson, J., in Anders v. State, supra, viz. "unless the evidence which proves the killing rebuts the presumption." No case seems to stereotype this ratiocinative idea.

### IV

Green was subjected to an .in-custody interrogation the morning after his. arrest.

■ We have carefully considered the evidence relating to the admission of his statement made at this time., This consideration has covered both pre-, and *Miranda*[1] predicates. We conclude that the admission of his statement made .at the Tuscaloosa Police Station was free of error. In this connection we note that the Miranda warnings did not include an explicit statement such as that found in Wilson v. State, 44 Ala.App. 570, 216 So.2d 741, which advised:

> "\*    \*    \* If you wish to answer questions now without a lawyer present, you have the right to stop answering questions at

any time. You also have the right to stop answering at any time until you talk to a lawyer."

We have examined a number of other cases as to the extent of the court-approved *Miranda* warnings, including, among others, Embrey v. State, 283 Ala. 110, 214 So.2d 567; Square v. State, 283 Ala. 548, 219 So.2d 377; Braggs v. State, 283 Ala. 570, 219 So.2d 396; Beverly v. State, 281 Ala. 325, 202 So.2d 534; Elrod v. State, 281 Ala. 331, 202 So.2d 539; Davis v. State, 44 Ala.App. 145, 204 So.2d 490; Breedlove v. State, 44 Ala.App. 191, 204 So.2d 836; Wilson v. State, 44 Ala.App. 570, 216 So.2d 741; and Lloyd v. State, 45 Ala.App. 178, 227 So.2d 809.

The *Miranda* opinion itself does not place explanation of this subsequent right to cease answering questions as being an integral part of the required initial warnings requisite to a valid waiver. We note that in the opinion, the following two excerpts are couched in terms of when interrogation, once begun, must stop:

" * * * Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the *right to refrain* from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned.

* * * * * *

"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. * * *." (Italics added; footnote omitted)

Accordingly, though the advice quoted from *Wilson,* supra, is helpful to the State, we find no error in the admission of Green's inculpatory statement.

## V

During the cross examination of a defense character witness, we find the following:

"Q  Do you know his reputation for carrying a big, long knife in his pocket?

"MR. CAMPBELL: We object. We move for a mistrial.

"THE COURT: Sustain.

"MR. LACKEY: We are questioning for peace and quietude. I think it is all right for cross examination.

"THE COURT: I don't think so.

"MR. CAMPBELL: Move for a mistrial.

"THE COURT: Overrule."

Inasmuch as a mistrial can only be predicated upon a basic miscarriage of justice, we consider that the trial judge's overruling the motion for mistrial was correct.

## VI

We have carefully examined all matters raised by the record in the court below and conclude that under the command of Code 1940, T. 15, § 389, the judgment below is due to be and hereby is

Affirmed.

1.  See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.