262 So.2d 630

**Charles H. WATTS, alias**

v.

**STATE.**

**3 Div. 101.**

Court of Criminal Appeals of Alabama.

April 4, 1972.

Rehearing Denied May 16, 1972.

David T. Hyde, Jr., Evergreen, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a conviction for robbery. Punishment was fixed at imprisonment in the penitentiary for a term of ten years.

According to the testimony, Mr. Arthur Wilson operated a service station in Castleberry, Alabama. On April 10, 1970, he was beaten and robbed of $750.00. The robber fled on foot and got into an automobile driven by defendant and the two men drove away.

The defendant admitted he drove the car and stopped some distance from the victim's place of business; that his brother told him he had to "go see a man;" that he returned running and said, "let's go." He denied he knew his brother intended to commit robbery or that he had robbed anyone while he was gone.

A statement given by defendant to law enforcement officers was introduced in evidence, over defendant's objection that the proper predicate had not been laid. In the statement defendant said when he stopped the car he kept the motor running. His brother left carrying a "night stick" he took from defendant's car and returned in about ten minutes, running, and said "let's go." Defendant and his brother then drove to defendant's home where the brother gave him $276.00 in cash.

Proper pre- and *Miranda* predicates were laid for the admission of the statement. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The argument in brief is that the statement should not have been admitted because the record fails to show that defendant was advised that he had a right to stop answering questions at any time.

In Green v. State, 45 Ala.App. 549, 233 So.2d 243, this court, per Cates J., said:

"The *Miranda* opinion itself does not place explanation of this subsequent right to cease answering questions as being an integral part of the required in-

**144**

itial warnings requisite to a valid waiver."

During the cross examination of Officer Taylor the following occurred:

"Q. All right then what—when you talked to the defendant, how did you decide when you had questioned him enough and you finally had to quit—

THE COURT: You have asked him that four or five times. Go on to something else, please sir.

MR. NIX: Your Honor, I don't think it has ever been answered.

THE COURT: Yes, it has been answered three or four times and the jury knows what was said. Proceed.

MR. NIX: We object, Your Honor. I think I should be entitled to get an answer to that question.

THE COURT: Overrule your objection. Proceed.

MR. NIX: We except.

Complaint is made that the trial court refused to allow defense counsel to ask proper questions and to have the witness answer them, and that the court's reprimand of defense counsel was calculated to bring him into contempt before the jury and to prejudice them against him, relying on Dennison v. State, 17 Ala.App. 674, 88 So. 211, and Williams v. State, 34 Ala.App. 253, 39 So.2d 29.

The range of cross examination is within the sound discretion of the trial judge, and his rulings will not be disturbed except for gross abuse. Livingston v. State, 41 Ala.App. 453, 139 So.2d 119; Vandiver v. State, 37 Ala.App. 526, 73 So. 2d 566. The record before us discloses the question had already been put to the witness more than once and had been answered. We find no abuse of discretion.

We do not consider the court's remarks as inherently prejudicial.

The judgment is affirmed.

Affirmed.