285 So.2d 130

**Charles G. BREAZEALE**

**v.**

**STATE.**

**8 Div. 328.**

Court of Criminal Appeals of Alabama.

Aug. 21, 1973.

Rehearing Denied Sept. 25, 1973.

Rudolph W. Slate, Decatur, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

This appeal is from a judgment of the Circuit Court of Lawrence County adjudging defendant-appellant guilty of burglary in the second degree and sentencing him to imprisonment for a term of ten years. A

jury had found him guilty as charged in a two-count indictment, each count alleging, substantially in the language of the pertinent part of Title 14, § 86, Code of Alabama 1940 (recompiled 1958), that defendant, with intent to steal, broke into and entered a shop or building in which goods, merchandise or other valuable things were kept for use, sale or deposit.

Appellant's brief takes the position that the evidence is insufficient to warrant a conviction of the crime charged, that the trial court erred in refusing a requested general affirmative charge in favor of defendant.

We find an unfortunate and extraordinary jumble of evidence. In saying this, no criticism of anyone is intended. Notwithstanding the confused state of the evidence as to various details, there was definite evidence, as hereafter summarized, as to fundamentals.

The prosecution emerged from a burglary of the school bus shop of the Lawrence County Board of Education, which occurred after the shop was closed on the afternoon of August 30, 1971, and before it was opened about seven o'clock the next morning. The shop contained articles that would normally be expected to be in a well equipped school bus shop. The large number and the miscellany of the articles and their somewhat varying nomenclature and description tended doubtlessly to contribute to confusion in the presentation of some of the details of the evidence and to the difficulty of arriving at a satisfactory understanding thereof. No eye witness testified as to the burglary, but there was ample evidence that the shop had been broken into and entered and that larceny therefrom was the object and that it was a substantial, if not a complete, success, one of the witnesses saying that everything but one grinder was gone, another that everything but the mechanics was gone.

Lawrence County Sheriff Dan Ligon testified that about 5:00 or 5:30 P.M. on the afternoon before the burglary, he saw

defendant in downtown Moulton, the city in which the burglary occurred, driving a blue '53 Chevrolet truck with a plywood homemade bed on it. There was testiny by a police officer of Moulton that while he was on duty between midnight the night of the burglary and 8:00 A.M. August 31, he saw defendant on a street in downtown Moulton driving a 1953 Chevrolet flat-bedded truck boxed up with plywood with a door on the back. The officer testified that, while questioning defendant, he saw several items on the truck, including tires, batteries, motor oil, a battery charger, an electric welder, a hand loader, and a wheelbarrow. There was evidence from other witnesses that items so designated and other items were missing from the school bus shop the morning after the burglary. The officer also testified that on such occasion he questioned defendant, who gave the officer "an address in Decatur claiming where he lived". The police officer did not at the time of trial remember the exact address given, but he testified that his checking as to it revealed that there was "no such address".

Moulton Chief of Police James Farris testified that on September 1, 1971, he located a "van truck" (this truck is to be distinguished from the truck being driven by defendant the afternoon before and the night of the burglary) in the front yard of the residence of one John Rogers at Owens Cross Roads; that when Chief Farris drove up in the drive of the yard, defendant came from behind the house and around through the yard; and that on such occasion, upon being questioned as to items in the truck, Mr. Rogers stated in the presence and hearing of the defendant that he had "loaned the truck" to defendant on the afternoon of August 31. The defendant was then and there arrested and was then taken to and imprisoned in the Lawrence County Jail, from which he escaped. He was afterwards apprehended, and he was brought to Moulton for his trial from Raiford Prison, Florida. The van truck thus located had on it at the time several items that were afterwards taken to a building

of the Owens Cross Roads Fire Department, where they were seen by a mechanic of the school bus shop and specifically identified by him in his testimony as items that were missing from the shop after the burglary. Some of such items so identified were: an electric welding machine, an acetylene torch and a battery charger.

There was also evidence that within a week after defendant's arrest there was located in Decatur a '53 Chevrolet truck, having a homemade plywood bed and bearing the same tag number as the truck seen by Sheriff Ligon on the afternoon of August 30 and by the police officer of Moulton on August 31 and on each occasion being driven by defendant. Evidence indicated that the truck had been abandoned and that on the truck there were some "school bus mirrors—outside mirrors, the big ones that go on school buses . . . some tail lights that go on school buses" and automotive parts of different kinds.

The defense offered no evidence.

 The position has been repeatedly taken by this Court and by other courts that upon proof that a burglary has been committed, the possession soon thereafter of goods stolen in the burglary affords a logical inference, in the absence of a satisfactory explanation of the possession, that the possessor was the burglar. Wildman v. State, 42 Ala.App. 357, 165 So.2d 396; Miller v. State, 43 Ala.App. 287, 189 So.2d 576; Rutherford v. State, 48 Ala.App. 289, 264 So.2d 210, cert. denied 288 Ala. 750, 264 So.2d 214. The rule applies alike to burglary and larceny, and it seems clear that the kind of possession required to form a basis for an inference of guilt is generally the same as to the two crimes. In Lawson v. State, 38 Ala.App. 322, 82 So.2d 812, Presiding Judge Harwood, now Justice Harwood, writing to the question of whether in a larceny case there was sufficient evidence of possession, stated:

"Possession is not limited to actual manual control upon or about the person.

If under one's power and dominion the thing is possessed. That the appellant had knowledge of the presence of the stolen groceries can reasonably be inferred from his possession and control of the truck. Certainly, it was for the jury to so determine in the absence of any evidence by the appellant tending to justify his technical possession of the groceries."

In 52A C.J.S. Larceny § 141, it is stated:

"In a prosecution for larceny, it is for the jury to determine whether the accused had exclusive possession of the stolen property recently after the event, what inferences to draw from the fact of possession, and how much weight and credit to give to the accused's explanation of his possession."

The statement just quoted presupposes, of course, that there is sufficient evidence to authorize the submission to the jury of the question of the adequacy of the possession, which we now consider.

■ In the great number of reported burglary and larceny cases there are to be found many instances in which the question was decided against the defendant, and many in which it was decided in his favor. It should be said, we think, that the variety of circumstances as to persons, places and things precludes the likelihood of a definite pattern to follow and that whether the required possession, which is often designated as exclusive, personal possession, can be held to exist is to be determined by all of the circumstances of the particular incident, including the number, size and portability or maneuverability of items of property involved, the place of the burglary or larceny, the proximity of the accused to the property at the time, any comments by the accused or anyone else in his presence, and any and all surrounding facts that might tend to inculpate or exculpate the accused. Even though it could be said that in most instances the presence of a defendant in the yard of the home of someone else contemporaneously with the presence of a truck in such yard containing the loot of a recent burglary is not evidence of a possession by the defendant of such truck or the loot, we think that under the circumstances here presented a decision of such question was well within the province of the jury. To hold otherwise would impute irrationality to the conduct of those taking part in what was said or done in the yard in the presence of defendant relative to the truck and stolen property found therein. In addition, we think that the testimony as to the contents of the Chevrolet truck being operated by defendant on the night of the burglary is of value on the point. True, the contents thereof were not positively identified as the same items that were stolen from the shop, but the possibility that no single item of the several described as being found in the truck the night of the burglary was one of several items of the same kind that were stolen is so slight that such testimony cannot be ignored as a factor in arriving at a proper determination of the question as to whether the case should have been submitted to the jury. Furthermore, the fact that the vehicle being driven by defendant on the night of the burglary was found abandoned in the City of Decatur with items thereon described as school bus mirrors and tail lights that go on school buses furnishes another circumstance that is worthy of consideration in connection with the question. Taking all of the mentioned circumstances into consideration, with or without the further circumstance, held to be inculpatory in Jones v. State, 174 Ala. 85, 57 So. 36, and DeSilvey v. State, 245 Ala. 163, 16 So.2d 183, that defendant escaped jail and fled, lead to the conclusion that the issue of defendant's guilt was properly submitted to the jury, and that the requested affirmative charge in his favor was properly refused.

■ Appellant's only other assertion or assignment of error is based on the

court's refusal to give defendant's requested charge No. 1:

"The Court charges the jury that unless you believe, beyond all reasonable doubt, that the defendant broke and entered the shop in question, you cannot convict this defendant."

The requested instruction runs afoul of the oft repeated rule to the effect that a trial court is not to be reversed for refusing a charge that pretermits consideration of the evidence as a basis for a finding of the jury, recently applied in Green v. State, 45 Ala.App. 549, 233 So.2d 243. It is also subject to just criticism in its use of "all reasonable doubt" instead of the conventional "a reasonable doubt," as found in Alldredge v. State, 45 Ala.App. 171, 227 So.2d 803, and Brown v. State, 45 Ala.App. 391, 231 So.2d 167. The importance of convincing the jury by the evidence beyond a reasonable doubt was emphasized by the trial judge by his stating that the burden was upon the State "to prove the defendant guilty from the evidence beyond a reasonable doubt and to a moral certainty" and by his explanation of the quoted language and repetition of it several times. We conclude that neither error nor injury to defendant is to be found in the refusal of requested Charge No. 1.

We have searched the record for error prejudicial to defendant and have found none.

The judgment appealed from should be affirmed.

The foregoing opinion was prepared by Honorable LEIGH M. CLARK, Supernumerary Circuit Judge, serving as Judge of this Court under Section 2 of Act. No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the court.

The judgment below is hereby

Affirmed.

All Judges concur.