STATE OF NORTH CAROLINA v. RUDOLPH JOHNSON

No. 7514SC613

(Filed 7 January 1976)

1. Criminal Law § 75— in-custody statements — admissibility
   The trial court properly allowed into evidence statements made
   by defendant while in custody where the court concluded on *voir dire*
   that two documents advising defendant of his rights were read to
   him, defendant stated that he understood his rights and would answer
   questions without an attorney, although defendant was under the
   influence of intoxicants at the time of questioning he had sufficient
   control of his mental faculties to understand his circumstances and
   his rights, the circumstances surrounding defendant's detention at
   the time he was questioned and prior to his arrest were neither
   oppressive nor coercive, and the statements made by defendant to
   police were freely, understandingly, and voluntarily made.

2. Homicide § 24— use of deadly weapon — presumptions — instructions
   proper
   The trial court did not err in instructing the jury that if the evi-
   dence proved beyond a reasonable doubt that defendant intentionally
   inflicted a wound on his victim with a deadly weapon that proxi-
   mately caused his death, the law raises presumptions that the killing
   was unlawful and was done with malice.

3. Homicide § 24— instructions on burden of proof — validity of instruc-
   tions — date of trial determinative
   The trial court's instructions to the jury which had the effect of
   placing on defendant the burden of showing (1) absence of malice
   or heat of passion on sudden provocation that would reduce the of-
   fense to manslaughter, or (2) that would entitle him to a verdict of
   not guilty on the ground of self-defense were not invalidated by
   *Mullaney v. Wilbur*, 421 U.S. 684, since that decision applies only
   to trials conducted on or after 9 June 1975, and defendant's trial was
   in March of 1975.

APPEAL by defendant from *McLelland, Judge.* Judgment
entered 13 March 1975 in Superior Court, DURHAM County.
Heard in the Court of Appeals 24 October 1975.

By indictment complying with G.S. 15-144, defendant was
charged with the murder of William Nesbitt. When the case
was called for trial, the district attorney announced that the
State would seek no verdict greater than second-degree murder.
Defendant pled not guilty and the State presented evidence
summarized in pertinent part as follows:

On 8 November 1974, at about 12:15 a.m., Listia Langley,
with whom Nesbitt was living, went to Lewis Ruffin's apart-

ment where she found Ruffin, Nesbitt, defendant, and others drinking. Defendant lived in the apartment. Langley criticized Nesbitt for striking her child earlier that night with a horseshoe and left to return later. At the time she left, defendant was arguing with Nesbitt about hitting the child. Thereafter, defendant went into another room, returned with a pistol, and shot Nesbitt in his neck; the bullet severed an artery, causing death a short while later. Previously, defendant had dated Langley while Nesbitt was in prison and Nesbitt had threatened to kill defendant and Langley. (A .22 caliber pistol was found under defendant's mattress but the court refused to admit it into evidence on the ground that the search of the premises was illegal.) Later that morning, following his arrest about 3:15 a.m. and interrogation, defendant told police that he shot Nesbitt but that Nesbitt was advancing on him with a knife at the time.

Defendant did not testify but presented evidence tending to show: While he was in jail between 8 and 14 November 1974, and on other occasions, he suffered from, and was treated for, delirium tremens and did not know what he said or did on the morning of 8 November. On the afternoon or evening before Nesbitt was shot, and on a previous occasion, Nesbitt had threatened to kill both defendant and Langley.

The court instructed the jury that they might return a verdict of guilty of second-degree murder, guilty of voluntary manslaughter, or not guilty. They found defendant guilty of second-degree murder, and from judgment imposing prison sentence of not less than 12 nor more than 15 years, with credit for time spent in custody awaiting trial, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Paul, Keenan, Rowan & Galloway, by James V. Rowan, for defendant appellant.*

BRITT, Judge.

[1]  By his first assignment of error, defendant contends the trial court erred in admitting into evidence statements made by defendant while in custody. We find no merit in the assignment.

Defendant argues that the evidence was inadmissible for the reasons that he was not properly advised of his right to

counsel prior to being questioned, his statements were triggered by the use of illegally obtained evidence, and he was intoxicated at the time he allegedly made the statements.

Before admitting the evidence, the court conducted a voir dire in the absence of the jury. The detective who questioned defendant testified that before asking defendant any questions he advised him of his *Miranda* rights by reading from two cards or documents. From one of the documents, defendant was informed, among other things, that the police had no way of providing him with a lawyer, but if he wanted a lawyer, one would be appointed if and when he went to court. From the other document, he was informed that if he could not afford to employ a lawyer and wanted one, one would be appointed to represent him before questioning. The detective testified that after each document was read to defendant, he stated that he understood his rights and would answer questions without an attorney. Testimony was also presented with respect to defendant's state of intoxication and that he was informed that a pistol had been found under his mattress. Defendant did not testify on voir dire.

Following the voir dire, the court found, among other things, that after each document was read to defendant, he stated he understood his rights and was willing to answer questions without a lawyer being present; that although defendant was under the influence of intoxicants at the time he was questioned, he was not drunk. The court concluded, among other things, that the circumstances surrounding defendant's detention at the time he was questioned and prior to his arrest were neither oppressive nor coercive; that although defendant at the time of questioning was under the influence of intoxicants, had he sufficient control of his mental faculties to understand his circumstances and his rights "to silence and to representation by counsel"; that the statements made by defendant to police were freely, understandingly, and voluntarily made, therefore, were admissible in evidence.

On the question of defendant's having been properly advised of his rights, defendant relies on *State v. Robbins,* 4 N.C. App. 463, 167 S.E. 2d 16 (1969). The State relies on *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581 (1968). *See also, Wright v. North Carolina,* 483 F. 2d 405 (4th Cir. 1973). If there is a conflict between *Robbins* and *Wright,* obviously *Wright* is the controlling authority. However, we think the instant case is

distinguishable from *Robbins*. In this case, not only did the detective read to defendant the statement of rights which we said in *Robbins,* was inadequate, he also read the statement which has been approved in many previous decisions. The evidence discloses, and the court found as a fact, that after each statement was read to defendant, he said he understood his rights and was willing to answer questions without a lawyer being present.

We find unconvincing defendant's argument that his incriminating statements were inadmissible for the reason that they were triggered by police telling him that a pistol had been found under his mattress. As to the extent of defendant's intoxication at the time he made the statements, this presented a question for the trial judge to determine and his findings and conclusions are supported by competent testimony.

The findings of fact by the trial judge following a voir dire as to the voluntariness of a confession or admission are conclusive if the findings are supported by competent evidence in the record, and the reviewing court may not set aside or modify the findings if they are supported by competent evidence. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966), *cert. denied,* 386 U.S. 911, 17 L.Ed. 2d 784, 87 S.Ct. 860 (1967).

**[2]** Defendant assigns as error the court's instructions to the jury that if the evidence proved beyond a reasonable doubt that defendant intentionally inflicted a wound on Nesbitt with a deadly weapon that proximately caused his death, the law raises presumptions that the killing was unlawful and was done with malice. Defendant argues that while the instructions were consistent with well settled case law in this State, they were invalidated by *Mullaney v. Wilbur,* 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975).

The assignment has no merit. Our State Supreme Court in *State v. Williams,* 288 N.C. 680, 220 S.E. 2d 558 (1975), held that *Mullaney* does not apply to the presumption of malice created when the State proves beyond a reasonable doubt that the accused intentionally inflicted a wound with a deadly weapon proximately causing death.

**[3]** Defendant assigns as error the court's instructions to the jury which had the effect of placing on defendant the burden of showing (1) absence of malice or heat of passion on sudden provocation that would reduce the offense to manslaugh-

ter, or (2) that would entitle him to a verdict of not guilty on the ground of self-defense. Defendant argues that while these instructions were consistent with North Carolina case law, they were invalidated by *Mullaney, supra.* The question raised by this assignment was answered by our State Supreme Court in *State v. Hankerson,* 288 N.C. 632, 220 S.E. 2d 575, (1975). The court held that while the instructions are invalidated, *Mullaney* will not be given retroactive effect in North Carolina and will apply only to trials conducted on or after 9 June 1975. The case at bar was tried in March of 1975.

We have considered all of the assignments of error brought forward and argued in defendant's brief but find all of them without merit.

No error.

Judges VAUGHN and ARNOLD concur.