Billy Trammell was indicted by the grand jury for the second degree burglary of the Albertville Country Club. The jury found appellant "guilty as charged," and the trial court set sentence at five years imprisonment in the penitentiary.
Mr. John Mastin, a member of the Albertville Country Club, testified that he was the last person to leave the club on September 23, 1978.
Mr. Robert Floyd testified that he arrived at the club on September 24, 1978, found that the club had been forcibly entered, and that several items were missing, including golf clubs and golfing equipment. The next day, September 25, 1978, he saw some golf clubs in the trunk of Doris Nix's automobile, and, although she led him to believe that the clubs were hers, he recognized them as being clubs that were taken from the club. He then telephoned the police.
Billy Simpson corroborated Robert Floyd's testimony. He added that Doris Nix tried to sell him the golf clubs which were in the trunk of her car. When the police arrived, she slammed the trunk, but later opened it at the officers' request.
Floyd and Simpson both testified that they were certain that the golf clubs in Nix's car were the clubs stolen from the Albertville Country Club.
Doris Nix testified that at approximately 3:00 a.m. on September 23, 1978, the appellant, Charles Morrison, and Paul Brown came to her trailer. She said the appellant told her he had some golf clubs to sell, and she told him she thought a Mr. Simpson might buy them. The appellant indicated that the golf clubs were in the car outside.
The next day Paul Brown placed the golf clubs in Nix's car and told her to sell them to raise money to get the appellant, who in the meantime had been arrested, out of jail.
Doris Nix stated that, based on what the appellant told her, she believed the golf clubs belonged to Trammell.
Terry Lynn Posey testified that he saw the appellant and two other males drive up to Doris Nix's trailer the night of September 23, 1978. The next day Posey observed golf clubs and other items in the trunk of the car in which he had seen appellant the night before.
The defense presented one witness, Carlton Paul Brown, who admitted burglarizing the Albertville Country Club on September 23, 1978. Brown stated that, although he was with the appellant earlier that evening, the appellant did not participate in this burglary.
At the conclusion of the State's case, the appellant moved to exclude the State's evidence on the ground of failure to present a prima facie case. The trial court denied the motion. On appeal the appellant urges this Court to find error in the trial court's action. *Page 14 
 I
Much of the evidence connecting the appellant to the burglary in question was circumstantial, but it is well established that circumstantial evidence is entitled to the same weight as direct evidence provided it points to the guilt of the accused.Mains v. State, Ala.Cr.App., 8 Div. 257, 375 So.2d 1299 (1979), and cases therein cited. We view the evidence in this case as pointing to the guilt of the accused.
Moreover, upon proof of a burglary, the possession soon thereafter of goods stolen in the burglary affords a logical inference in the absence of a satisfactory explanation that the possessor was the burglar. Breazeale v. State, 51 Ala. App. 320,285 So.2d 130, cert. denied, 291 Ala. 774, 285 So.2d 134
(1973), and authorities cited therein.
"[W]e think that under the circumstances here presented a decision of such question was well within the province of the jury." Breazeale v. State, supra, at 323, 285 So.2d at 133.
In view of the evidence, as shown by this record and the authorities discussed herein, the trial court correctly overruled appellant's motion to exclude and submitted this case to the jury.
We have examined this record and find no error. The judgment is
AFFIRMED.
All the Judges concur.