TYSON, Judge.
Charles Morrison was charged by indictment with the second degree burglary of the Albertville Country Club. The jury found him guilty as charged and the trial court entered judgment which set sentence at three years imprisonment in the penitentiary.
The facts in this cause are as stated in the companion case of Trammell v. State, Ala.Cr.App., 377 So.2d 12 (1979). In the instant case, Billy Simpson, owner of Simpson’s Body Shop, stated that Mrs. Doris Nix drove up about 5:00 o’clock on the afternoon of September 25, 1978, and after a brief conversation with Robert Floyd and himself opened the trunk of her automobile and offered to sell some golf clubs and a bag which were in the trunk. Simpson testified that he recognized these clubs as being his own which he had left with Mr. Floyd at the Albertville Country Club for sale to someone else.
Terry Lynn Posey, a neighbor in a trailer adjoining that of Doris Nix, told of his conversation on the morning of September 24,1978, with the defendant, Charles Morrison, who opened the trunk of the automobile in which he had been riding the night before and discussed the possibility of selling some golf clubs and a bag which were in the trunk of the car. Mr. Posey indicated in response to a question (R. p. 86):
“Q. Describe what you saw in the trunk of the car.
*1188 “A. A red toolbox, gold clubs, golf bag, some little towels and some cigarettes, a pup tent and some sandwiches and a bottle of liquor and some beer.”
Posey stated that the defendant gave him a beer and offered him some sandwiches which were packaged and in the trunk of the car.
At the close of the State’s case, the defendant moved to exclude the State’s evidence on the ground of failure to present a prima facie case and also requested the affirmative charge. The trial court denied both.
I
Just prior to trial, the State called as its first witness the wife of the appellant, Doris Nix Morrison, and conducted a hearing out of the presence of the jury on whether or not she wished to testify against her husband (R. 17). The trial court advised her in detail that, pursuant to the provisions of § 12-21-227, Code of Alabama 1975, she had the right to testify and to make that decision herself, but that she could not be compelled to testify (R. pp. 18-21). Mrs. Morrison at first stated that she would testify (R. p. 17), then indicated that she was not sure and would rather not (R. p. 18). She then stated that she would prefer not to testify (R. p. 19) because “numerous threats” had been made by her husband against her with reference to her testifying (R. pp. 20-21), and therefore she would rather not testify (R. p. 21).
The trial court then granted a five minute recess at the request of the district attorney and allowed defense counsel to be present during the ensuing conversation between the district attorney and the prospective witness, Mrs. Morrison (R. p. 22).
The record then discloses the following colloquy (R. pp. 22-23):
“(WHEREUPON, the Defendant present in open court with his attorney, the following proceedings were had and done outside the presence of the Jury:)
“THE COURT: Ma’am, you have discussed the matter with the District Attorney and Ms. Bush, the Defendant’s attorney who was present with you.
“THE WITNESS: Yes.
“THE COURT: Have you decided whether you wish to testify?
“THE WITNESS: Yes, I will.
“THE COURT: You are going to testify? “THE WITNESS: Yes.
“THE COURT: All right. That is your choice.
“Was there any coercion or anything used against you that would make you testify? “THE WITNESS: No.
“THE COURT: This is a voluntary choice on your part?
“THE WITNESS: Right.
“THE COURT: All right. Bring the Jury in.
“We would like the objection still noted. “MR. THOMPSON: We would like to make sure that the record shows that during this recess Ms. Bush was present, the Defendant’s lawyer was present in our discussion.
“THE COURT: All right.
“MS. BUSH: Please instruct the witness not to answer if an objection is made.
“THE COURT: Now, Mrs. Morrison, if a question is asked and an objection is made, give me a chance to rule on it, and then you may answer when it is ruled on.
“THE WITNESS: Okay.
“(WHEREUPON, the Defendant present in open court with his attorney, the following proceedings were had and done in the presence and hearing of the Jury.)”
Appellant’s counsel asserts that the appellant’s wife was coerced or intimidated into testifying against the appellant, citing us to § 12-21-227, Code of Alabama 1975 (formerly Title 15, Section 311, Code of Alabama 1940), and asserts the trial court’s ruling as error.
We have carefully examined this record, including the colloquy above set forth, and are of the opinion that the trial court properly determined that Mrs. Morrison wished to testify, and that such a voluntary act on her part, after full explanation of her right not to testify against her hus *1189 band, was in accordance with the Code section in question. While the appellant’s counsel asserts that such was not voluntary and was the result of intimidation, such as “mere argument in brief” and not substantiated by the record in this cause.
We believe the following statement by Mr. Justice Harwood, then Harwood, J., of the Court of Appeals, in Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837, cert. denied 254 Ala. 74, 46 So.2d 847 (1950), fully supports the ruling of the trial court and our determination here that Mrs. Morrison was properly advised of her privilege and voluntarily decided to testify in this cause:
“There is a duty on every person to testify in judicial proceedings, as the public has an interest in the proper and just conclusion of cases brought into the courts of a sovereign power. In the interest of certain policies certain classes of witnesses may be exempted from this duty, even though such exemptions may tend to interfere with full disclosure of facts. Among such classes of witnesses who may be exempted from testifying are attorneys who stand in relation of attorney and client to one of the parties litigant, priest in relation to confessor, etc., and since the enactment of Section 311, Title 15, Code of Alabama 1940, providing that husband and wife may testify either for or against each other in criminal cases, but shall not be compelled to do so, there may be added to this exempted class of witnesses, husband and wife. “This testimonial exemption is however a privilege, purely personal to the witness, and is solely a matter between the witness and the court.
“Thus even though Mrs. Wyatt had told the Solicitor she did not wish to testify against her husband, this was but an expression of her then existing intent, in no way binding on her and subject to being changed the next moment.”
There was no error in the trial court’s ruling on this question.
II
We have carefully examined this record and find that a prima facie case was properly presented against the appellant. His involvement with his companions, Trammell and Brown, at the Albertville Country Club on the night of September 23-24, 1978, was fully sustained by the evidence presented by the State through its witnesses. Though some of this evidence was circumstantial, nevertheless, it pointed to the guilt of the appellant. Trammell v. State, Ala.Cr.App., 377 So.2d 12 (1979).
We have carefully examined this record and find no error. The judgment is therefore
AFFIRMED.
HARRIS, P. J., and BOOKOUT and BOWEN, JJ., concur.
DeCARLO, J., not sitting.